**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH JAY WILSON,

   Plaintiff,

v.

FRITO-LAY, INC., et al.,

   Defendants.

Civil Action No. 05-4538 (JAP)

**O P I N I O N**

KENNETH JAY WILSON, Plaintiff pro se
#27621
Okeechobee County Jail
504 N.W. 4th Street
Okeechobee, Florida 34972

PISANO, District Judge:

This matter is before the Court on plaintiff's application to file a civil complaint without either an in forma pauperis application, or the requisite prepayment of the $250.00 filing fee. For the reasons set forth below, the Court is statutorily prohibited from granting in forma pauperis pauperis status to plaintiff, pursuant to 28 U.S.C. § 1915(g). Accordingly, the Court will direct plaintiff to pay the full filing fee within 30 days.

**I. BACKGROUND**

Plaintiff, Kenneth Jay Wilson ("Wilson"), is presently incarcerated at the Okeechobee County Jail in Okeechobee, Florida. He alleges claims of "negligence" and "consumer fraud"

as against defendants, Frito-Lay, Inc. and Recot, Inc., for releasing a stale product, "Cheetos Crunchy", for consumption. Plaintiff did not prepay the $250.00 filing fee, nor did he submit an application to proceed in forma pauperis.

## II. DISCUSSION

The Prison Litigation Reform Act of 1995, enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915(g). A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous actions in various federal district courts in the United States. In fact, Wilson has a long history of filing frivolous

cases, and has far exceeded the statutory limit as set forth in 28 U.S.C. § 1915(g). See Wilson v. Yaklich, 148 F.3d 596 (6th Cir. 1998). Therefore, as the Complaint in this action does not contain allegations reasonably suggesting that Wilson is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Wilson may not proceed in forma pauperis.

### III. CONCLUSION

For the reasons set forth above, this Court finds that plaintiff is not eligible to proceed in forma pauperis in this matter. He will be given 30 days from the date of entry of the Order accompanying this Opinion to prepay the $250.00 filing fee. If Wilson does not pay the fee within the above 30-day period, his complaint will be deemed withdrawn. An appropriate Order follows.

JOEL A. PISANO
United States District Judge

DATED: Jan 23, '06